J-S96019-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| ABUKAR OMAR JAMALE | |
| Appellant | No. 605 WDA 2016 |

Appeal from the Judgment of Sentence July 29, 2015
In the Court of Common Pleas of Erie County
Criminal Division at No(s):
CP-25-CR-0003559-2014

BEFORE:  BENDER, P.J.E., BOWES, J., AND SOLANO, J.

MEMORANDUM BY BOWES, J.:                    **FILED FEBRUARY 21, 2017**

Abukar Omar Jamale appeals from the judgment of sentence of thirty to sixty months imprisonment that was imposed after a jury convicted him of carrying an unlicensed firearm and false identification to a law enforcement official.  Appellant also was convicted of driving without a license.  Counsel has filed a petition to withdraw from representation and a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).  We grant counsel's petition to withdraw and affirm.

The above delineated charges were instituted against Appellant based upon the following events.  At approximately 10:30 p.m. on November 6,

2014, Erie Police Officers Ira Bush and Sean Bogart observed a Ford Explorer with a shredded tire driving on Fairmont Parkway in Erie. Sparks and smoke were emanating from the tire wheel. The officers pulled alongside of the vehicle and attempted to get the attention of the driver, Appellant, who ignored them. After about six blocks, Officers Bush and Bogart stopped the Explorer. Appellant was the sole occupant of the vehicle, and police observed him bend over and reach underneath his seat as they approached. Officer Bush informed Appellant that he was driving with a flat tire. After Appellant responded that he was on his way to fill the tire with air, Officer Bush said that the tire was shredded and incapable of being inflated.

Officer Bush then asked Appellant for his name. Appellant replied that it was Fara Sala, and he gave police a driver's license bearing that name. Appellant was asked to exit the car, and, when he did so, police observed a .22 caliber firearm on the floor underneath the driver's seat. Appellant then admitted that Abukar Jamale was his correct name, and he blurted out that he found the gun that was located in the Explorer. Police ascertained that Appellant did not have a valid driver's license or a license for the gun in question.

On May 15, 2015, a jury convicted Appellant of the above-mentioned charges, and, on July 29, 2015, he received a standard range sentence, given his prior record score of three, of thirty to sixty months imprisonment

for the firearms violation. A concurrent sentence was imposed on the false identification charge.

Appellant did not file a post-sentence motion. He filed a direct appeal on August 31, 2015, which we quashed as untimely filed. Appellant thereafter presented a motion seeking reinstatement of his appellate rights. Counsel was appointed, and the motion was granted on on March 29, 2016. This timely appeal followed.

As noted, counsel has moved to withdraw. Since we do not consider the merits of an issue raised in an **Anders** brief without first reviewing a request to withdraw, we now address counsel's petition to withdraw. **Commonwealth v. Cartrette**, 83 A.3d 1030 (Pa.Super. 2013) (*en banc*). In order to be permitted to withdraw, counsel must meet three procedural requirements: 1) file a petition for leave to withdraw and state that, after making a conscientious examination of the record, counsel has concluded that the appeal is frivolous; 2) provide a copy of the **Anders** brief to the defendant; and 3) inform the defendant that he has the right to retain private counsel or raise, *pro se*, additional arguments that the defendant deems worthy of the court's attention. **Id**.

Counsel's motion to withdraw indicates that she reviewed the record and determined that this appeal is frivolous. Counsel mailed a copy of the motion to withdraw and the brief to Appellant. A letter to Appellant is attached to the motion to withdraw. In that document, counsel advised

Appellant that she examined his case and concluded that the direct appeal was frivolous. Counsel also told Appellant he had the right to retain new counsel or to proceed *pro se* raising any points that he wanted. The petition to withdraw and **Anders** brief were enclosed with the letter. Thus, the procedural aspects of **Anders** are satisfied.

We now examine the briefing requirements when counsel seeks to withdraw on direct appeal. Pursuant to **Santiago**, an **Anders** brief must:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, **supra** at 361.

Appellant's brief satisfies the mandates of **Santiago**. It sets forth the procedural and factual history of this matter. Counsel presents a sufficiency argument on appeal and then establishes why such a claim is frivolous and provides legal citation for her position. Thus, counsel has complied with the requirements of **Anders**/**Santiago**.

We now proceed to examine the issue presented: "Whether the evidence was sufficient to find the Appellant guilty of firearms not to be carried without a license and false identification to law enforcement?" Appellant's brief at 3.

Our standard of review is settled:

The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Scott*, 146 A.3d 775, 777 (Pa.Super. 2016).

Appellant first challenges his conviction under 18 Pa.C.S. § 6106(a). With exceptions not here applicable, that section states that a "person who carries a firearm in any vehicle or any person who carries a firearm concealed on or about his person, except in his place of abode or fixed place of business, without a valid and lawfully issued license under this chapter commits a felony of the third degree." 18 Pa.C.S. § 6101(a). A firearm for purposes of § 6101 is defined in pertinent part as "any weapon which is designed to . . . expel any projectile by the action of an explosive or the frame or receiver of the weapon." 18 Pa.C.S. § 6106(e)(1). To satisfy the

- 5 -

elements of this offense, the Commonwealth must establish that the weapon recovered was a firearm, the defendant possessed it, the defendant was not licensed to possess it, and the firearm was in a location prohibited by this provision. **See Commonwealth v. Parker**, 847 A.2d 745, 750 (Pa.Super. 2004).

Herein, the gun was recovered in Appellant's car while Appellant was the sole occupant. The weapon was a firearm since it was a .22 caliber loaded pistol. Appellant admitted that it was in his possession when he asserted that he had found it, and the Commonwealth established that Appellant did not have a license. Hence, the evidence was sufficient to convict Appellant of this crime.

Appellant also raises a sufficiency claim as to his conviction of 18 Pa.C.S. § 4914(a), false identification to law enforcement. A person commits an offense under § 4914(a) if he "furnishes law enforcement authorities with false information about his identity after being informed by a law enforcement officer who is in uniform or who identified himself as a police officer that the person is the subject of an official investigation of a violation of the law." 18 Pa.C.S. § 4914(a). In order to be guilty of this crime, a person must be aware both that he is identifying himself to a law enforcement official and that he is under investigation for violating the law. **In re D.S.**, 39 A.3d 968, 974 (Pa. 2012).

Herein, Officer Glass testified that he was in uniform and in a marked patrol car when he stopped Appellant's Ford Explorer. Prior to the stop, Officer Glass observed that that Explorer's "driver side front tire was completely flat. You could hear the tire flapping. You could actually see smoke and sparking coming from the tire." N.T. Trial, 5/15/15, at 12. The condition of the vehicle was thus a safety hazard to Appellant and other vehicles on the roadway. Appellant continued to drive and was unaware that "he needed to do something about his tire," so Officer Glass pulled up next to Appellant to indicate to him that his tire was flat. *Id*. When Appellant did not look at the officer or respond, Officer Glass effectuated a traffic stop. Officer Glass informed Appellant that he was driving on the rim of his tire. *Id*. at 15. Appellant said he was planning to obtain air for the tire and the officer told him that the tire could not be inflated because it was shredded.

After the officer told Appellant that he had been stopped for driving on the rim of a shredded tire, Officer Glass asked for Appellant's name. Driving on a shredded tire that is emanating smoke and sparks constitutes careless driving as well as reckless driving. 75 Pa.C.S. § 3714(a) ("Any person who drives a vehicle in careless disregard for the safety of persons or property is guilty of careless driving, a summary offense."); 75 Pa.C.S. § 3736 (a) ("Any person who drives any vehicle in willful or wanton disregard for the safety of persons or property is guilty of reckless driving."). Appellant gave the officer a driver's license that contained a name that was not Appellant's

actual name, and he also represented that he was the individual in question. Thus, Appellant gave a uniformed police officer a false name and identification after being told he was under investigation for committing a violation of the law. The evidence therefore was sufficient to support the conviction under 18 Pa.C.S. § 4914(a).

We have conducted an independent review of the record, as required by *Commonwealth v. Flowers*, 113 A.3d 1246, 1249 (Pa.Super. 2015), and have concluded that there are no preserved non-frivolous issues that can be raised in this appeal. Hence, we concur with counsel's conclusion that this appeal is wholly frivolous and allow her to withdraw.

Petition of Emily M. Merski, Esquire, to withdraw is granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/21/2017