2016 PA Super 182

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JASON DAVID SCOTT, | |
| Appellant | No. 1485 MDA 2015 |

Appeal from the Judgment of Sentence August 4, 2015
In the Court of Common Pleas of Cumberland County
Criminal Division at No(s): CP-21-CR-0002370-2014

BEFORE:  BENDER, P.J.E., PANELLA, J., and STEVENS, P.J.E.*

OPINION BY STEVENS, P.J.E.:                    **FILED AUGUST 19, 2016**

This is an appeal from the judgment of sentence entered by the Honorable Edward E. Guido of the Court of Common Pleas of Cumberland County after Appellant Jason David Scott was convicted of burglary, criminal trespass, and criminal mischief.[1]  Appellant challenges the sufficiency of the evidence supporting his convictions and claims he is entitled to a mistrial based on comments made by the prosecutor in closing argument.  After careful review, we affirm.

On January 13, 2015, at approximately 5:00 a.m., South Middleton School District officials were notified that the burglary alarm system at Rice Elementary School in Mt. Holly Springs had been activated at a time when

_____

[1] 18 Pa.C.S. §§ 3502(a)(4), 3503(a)(1)(ii), 3304(a)(2), respectively.

*Former Justice specially assigned to the Superior Court.

the school was not open to the public. The school's business manager arrived on the scene and chased an intruder from the inside of the school. State troopers investigated the incident and discovered the teachers' lounge and several offices had been ransacked. The officers opined that the intruder attempted to access the school through the back windows as they noticed that numerous screens had been removed from exterior windows. However, the officers inferred that the intruder gained entry by damaging a locked door.

Subsequently, the troopers were able to identify Appellant as a suspect after viewing video surveillance footage that recorded images of the intruder. The images showed an intruder whose appearance resembled Appellant. After noting that one image depicted the intruder smoking a cigarette, the officers discovered a cigarette butt underneath one of the back exterior windows of the school. Subsequent testing revealed that the cigarette butt contained traces of Appellant's DNA.

Appellant was charged with the aforementioned offenses; he proceeded to a jury trial on the burglary and criminal trespass charges and a bench trial on the criminal mischief charge. Appellant was convicted of all three charges. On August 4, 2015, the trial court sentenced Appellant to an aggregate term of 2½ to 10 years imprisonment and ordered him to pay restitution and the costs of prosecution. This timely appeal followed. Appellant complied with the trial court's direction to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

Appellant raises the following issues for review on appeal:

I.     Was the evidence sufficient to sustain a conviction beyond a reasonable doubt if one were to preclude the highly inflammatory and prejudicial evidence introduced by the Commonwealth?

II.    Did the trial court err when it denied Appellant's motion for a mistrial after the Commonwealth's closing argument improperly stated that [] Appellant did not present alibi witnesses?

Appellant's Brief, at 6.

First, Appellant challenges the sufficiency of the evidence supporting all of his convictions. Our standard of review for sufficiency claims is as follows:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

***Commonwealth v. Britton***, 134 A.3d 83, 86 (Pa.Super. 2016).

The basis for Appellant's sufficiency challenge to all three convictions is his claim that the Commonwealth failed to prove that he was the intruder that committed the acts in question. Specifically, Appellant contends that the school principal did not recognize Appellant from the video footage and points out that the Commonwealth found no fingerprints connecting him to the crimes. Appellant dismisses the DNA evidence on the cigarette butt found underneath a window, as his mother testified that Appellant had brought her to the school on prior occasions as her granddaughter was enrolled there. Contending the Commonwealth's case is based on inferences and conjecture, Appellant denies that the Commonwealth presented sufficient evidence to link him to the relevant crimes. We disagree.

The police investigation revealed that the intruder had rummaged through the contents of several offices and the teachers' lounge, presumably in an attempt to commit theft. The Commonwealth presented video surveillance footage which showed the school district business manager chasing out an intruder that resembled Appellant. The video also showed the intruder smoking a cigarette. After troopers investigated the back windows of the school where the intruder had removed screens in an attempt to access the building, the officers discovered a cigarette butt with traces of Appellant's DNA on it.

We acknowledge that Appellant tried to explain the presence of the cigarette by presenting the testimony of his mother who claimed that Appellant had visited the school on other occasions. However, as noted

above, the factfinder was free to believe all, some, or none of the evidence. *Id*. We will not disturb the factfinders' credibility findings, which are supported by the evidence of record. Accordingly, we conclude the trial court did not err in denying Appellant's sufficiency claim.

Second, Appellant claims he is entitled to a mistrial based on comments made by the prosecutor in closing argument. Our standard of review for the denial of a motion for a mistrial is limited to assessing whether the trial court abused its discretion. *Commonwealth v. Cash*, ___Pa.___, 700 CAP, 2016 WL 3002910, at *8 (Pa. filed May 25, 2016). More specifically, this Court has provided the following standards for reviewing a claim of prosecutorial misconduct in a closing statement:

> it is well settled that any challenged prosecutorial comment must not be viewed in isolation, but rather must be considered in the context in which it was offered. *Commonwealth v. Correa*, 444 Pa.Super. 621, 664 A.2d 607 (1995). Our review of a prosecutor's comment and an allegation of prosecutorial misconduct requires us to evaluate whether a defendant received a fair trial, not a perfect trial. *Commonwealth v. Rios*, 554 Pa. 419, 721 A.2d 1049 (1998). Thus, it is well settled that statements made by the prosecutor to the jury during closing argument will not form the basis for granting a new trial "unless the unavoidable effect of such comments would be to prejudice the jury, forming in their minds fixed bias and hostility toward the defendant so they could not weigh the evidence objectively and render a true verdict." *Commonwealth v. Fletcher*, 580 Pa. 403, 434–35, 861 A.2d 898, 916 (2004) (quotation and quotation marks omitted). The appellate courts have recognized that not every unwise remark by an attorney amounts to misconduct or warrants the grant of a new trial. *Commonwealth v. Faulkner*, 528 Pa. 57, 595 A.2d 28 (1991). Additionally, like the defense, the prosecution is accorded reasonable latitude, may employ oratorical flair in arguing its version of the case to the jury, and may advance

arguments supported by the evidence or use inferences that can reasonably be derived therefrom. ***Commonwealth v. Carson***, 590 Pa. 501, 913 A.2d 220 (2006); ***Commonwealth v. Holley***, 945 A.2d 241 (Pa.Super. 2008). Moreover, the prosecutor is permitted to fairly respond to points made in the defense's closing, and therefore, a proper examination of a prosecutor's comments in closing requires review of the arguments advanced by the defense in summation. ***Commonwealth v. Chmiel***, 585 Pa. 547, 889 A.2d 501 (2005).

***Commonwealth v. Jaynes***, 135 A.3d 606, 615 (Pa.Super. 2016).

Appellant points to the following statement in contending that the prosecutor improperly implied that it was Appellant's duty to provide alibi witnesses other than his mother:

Today we're at the end of the trial, and [Appellant] has presented a case, has presented evidence. You are allowed to consider what mom said. You are allowed to consider what mom didn't say. You're allowed to consider all of that to decide whether the Commonwealth has proved the case or not. Mom didn't say, oh, I remember the 13th, I remember the middle of January well, and he was with me every night all night. Other witnesses didn't come in to present alibis. The only thing he could tell you about January of 2013 is that mom needed a ride sometimes because she had a hip replacement.

In January she needed one ride in the middle of the day to the front entrance of the building, the same front entrance that you see [Appellant] fleeing from in the video, from the office. Mr. Boley told you that that door where you see him coming out and then fleeing, that's the office door. That's the office door that mom is talking about, okay, in the door and out the door. She delivered the book and back out to the car [sic]. That's no excuse for the cigarette being in the back of the building.

Notes of Testimony (N.T.), 3/18/15, at 129-130.

Our review of the aforementioned comment reveals that the prosecutor did not shift the burden of proof for Appellant to prove his innocence, but rather highlighted the weaknesses in Appellant's alibi

defense. The prosecutor's statement was a fair response to defense counsel's closing, in which he repeatedly referred to testimony of Appellant's mother, who attempted to explain the presence of Appellant's cigarette on school premises in claiming that Appellant had brought her to the front door of the building to return her granddaughter's library book on one unknown occasion in January 2013. Thus, it was proper for the trial court to give the prosecutor latitude in advancing an argument which was supported by the evidence at trial. We find the prosecutor's comment did not amount to misconduct.

Moreover, the trial court subsequently gave the jury a thorough instruction, emphasizing that the Commonwealth had the burden to prove Appellant's guilt beyond a reasonable doubt and that Appellant was not required to produce any evidence:

> [T]he defendant is presumed to be innocent. The mere fact that he was arrested and is accused of a crime is not evidence against him. The Defendant is presumed innocent throughout the trial and at all times unless and until you conclude, based upon a careful and impartial consideration of the evidence, that the Commonwealth has proven his guilt beyond a reasonable doubt.
>
> It is not the Defendant's burden to prove that he is not guilty. Instead, it is the Commonwealth that always has the burden of proving each and every element of the crime charged and that the Defendant is guilty of that crime beyond a reasonable doubt. A person accused of a crime is not required to present evidence or prove anything in his own defense. If the Commonwealth's evidence fails to meet its burden, then your verdict must be not guilty. On the other hand, if the Commonwealth's evidence does prove beyond a reasonable

doubt that the defendant is guilty, then your verdict should be guilty.

N.T., 3/18/15, at 132-33. Juries are presumed to follow the trial court's instructions. ***Commonwealth v. Burno***, 626 Pa. 30, 65, 94 A.3d 956, 977 (2014), *cert. denied sub nom.* ***Burno v. Pennsylvania***, 135 S. Ct. 1493, 191 L. Ed. 2d 435 (2015). As a result, we agree with the trial court's assessment that the prosecutor's comment did not warrant the grant of a new trial.

For the foregoing reasons, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.


Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/19/2016