**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | : | |
| v. | : | |
| JEREMY MARK KIRSCH, | : | |
| Appellant | : | No. 1526 WDA 2016 |

Appeal from the Judgment of Sentence September 13, 2016
in the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0000693-2016

BEFORE:   OLSON, MOULTON, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:               **FILED JULY 10, 2017**

Jeremy Mark Kirsch (Appellant) appeals from the judgment of sentence imposed following his convictions for operating a methamphetamine laboratory; possession of a controlled substance with intent to deliver; illegal dumping of methamphetamine waste; possession of phenylpropanolamine, phenyl acetone, methylamine, ammonium sulfate, ammonium nitrate, phenyl acetic acid or a precursor substance with intent to unlawfully manufacture a controlled substance; risking catastrophe; possession of a controlled substance; possession of paraphernalia; possession of ephedrine, pseudoephedrine or phenylpropanolamine, or any of their salts, optical isomers or salts of optical isomers with the intent to manufacture methamphetamine; and recklessly engendering another person.  We affirm.

*Retired Senior Judge assigned to the Superior Court.

> This case stems from Appellant's operation of a methamphetamine laboratory from his residence located at 11780 Middle Road, Lot 4, East Springfield Twp., Erie County. On January 26, 2016, Pennsylvania State Police troopers served a search warrant at Appellant's residence and uncovered a sophisticated surveillance system, methamphetamine, and various items used to manufacture and sell methamphetamine. These items were located inside Appellant's mobile home, detached shed, and the trunk of a car located on the property. Troopers also recovered methamphetamine from an individual who had just purchased the drugs from Appellant.
>
> On July 20, 2016, following a two-day jury trial, Appellant was found guilty of the aforementioned offenses. On September 13, 2016, Appellant was sentenced to an aggregate term of 24 months to [eight] years of imprisonment. Appellant filed a timely Motion to Reconsider Sentence, which [the trial court] denied on September 23, 2016. On October 4, 2016, Appellant filed a timely Notice of Appeal. In response to this Court's directive, Appellant filed a Concise Statement of Matters Complained of on Appeal on November 1, 2016[.]

Trial Court Opinion, 12/2/2016, at 1-2.

On appeal, Appellant challenges the sufficiency of the evidence with respect to three of his convictions: operating a methamphetamine laboratory, possession of a controlled substance with intent to deliver, and risking catastrophe. Appellant's Brief at 3.

It is well-settled that

> our standard of review of sufficiency claims requires that we evaluate the record in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Nevertheless, the Commonwealth need not establish guilt to a

mathematical certainty. Any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.

… Significantly, we may not substitute our judgment for that of the fact finder; thus, so long as the evidence adduced, accepted in the light most favorable to the Commonwealth, demonstrates the respective elements of a defendant's crimes beyond a reasonable doubt, the appellant's convictions will be upheld.

*Commonwealth v. Tukhi*, 149 A.3d 881, 886–87 (Pa. Super. 2016) (internal citations omitted). Credibility of witnesses and the weight of the evidence produced is within the province of the trier of fact, who is free to believe all, part, or none of the evidence. *Commonwealth v. Scott*, 146 A.3d 775, 777 (Pa. Super. 2016).

Appellant contends that the evidence is insufficient to support his convictions for operating a methamphetamine laboratory and possession with intent to deliver because no methamphetamine was seized during the search of his home, vehicle, and shed, and the Commonwealth failed to establish that Appellant possessed any items recovered during that search. Appellant's Brief at 8-9. Further, Appellant argues that the Commonwealth put forth no evidence to prove that he recklessly created a risk of catastrophe by dangerous means. *Id.* at 9-10.

The trial court addressed these claims as follows.

To convict an individual of operating a methamphetamine laboratory, the Commonwealth must establish:

A person commits the offense of operating a methamphetamine laboratory if the person knowingly causes a chemical reaction involving ephedrine, pseudoephedrine or phenyl-propanolamine, or any other precursor or reagent substance under section 13.1, for the purpose of manufacturing methamphetamine or preparing a precursor or reagent substance for the manufacture of methamphetamine.

35 P.S. § 780-113.4(a)(footnote omitted).

Regarding possession with intent to deliver, the evidence must establish:

Except as authorized by this act, the manufacture, delivery, or possession with intent to manufacture or deliver, a controlled substance by a person not registered under this act, or a practitioner not registered or licensed by the appropriate State board, or knowingly creating, delivering or possessing with intent to deliver, a counterfeit controlled substance.

35 P.S. § 870-113(a)(30). The Commonwealth establishes the offense of possession with intent to deliver when it proves beyond a reasonable doubt that the defendant possessed a controlled substance with the intent to deliver it. To determine whether the Commonwealth presented sufficient evidence to sustain Appellant's conviction for this offense, all of the facts and circumstances surround[ing] the possession are relevant and the elements of the crime may be established by circumstantial evidence. Furthermore, this offense can be inferred from the quantity of the drugs possessed along with the other surrounding circumstances.

Possession is defined as the ability to exercise dominion and control over an area or object, and the possession may be actual or constructive. Constructive possession requires proof of the ability to exercise conscious dominion over the substance, the power to control the contraband and the intent to exercise such control. [A]n intent to maintain a conscious dominion may

be inferred from the totality of the circumstances … [and] circumstantial evidence may be used to establish a defendant's possession of drugs or contraband. The fact that the contraband is located in an area usually accessible only to the defendant may lead to an inference that he placed it there or knew of its presence. Furthermore, our Supreme Court has recognized that [c]onstructive possession may be found in one or more actors where the item in issue is in an area of joint control and equal access.

Delivery is defined by the [Controlled Substance, Drug, Device, and Cosmetic] Act as the actual, constructive or attempted transfer from one person to another of a controlled substance, other drug, device or cosmetic whether or not there is an agency relationship. Section 780-113(a)(30) does not require that a party make a profit, it simply prohibits delivery.

Finally, to establish risking a catastrophe, the Commonwealth must establish:

> (a) Risking catastrophe.-A person is guilty of a felony of the third degree if he recklessly creates a risk of catastrophe in the employment of fire, explosives, or other dangerous means listed in subsection (a)[2] of this section.
>
> _____
> [2] (a) Causing catastrophe.- - . A person who causes a catastrophe by explosion, fire, flood, avalanche, collapse of building, release of poison gas, radioactive material or other harmful or destructive force or substance, or by any other means of causing potentially widespread injury or damage, including selling, dealing in or otherwise providing licenses or permits to transport hazardous materials in violation of 75 Pa.C.S. Ch. 83 (relating to hazardous transportation), materials commits a felony of the first degree if he does so intentionally or knowingly, or a felony of the second degree if he does so recklessly

18 Pa.C.S.[] § 3302.

Here, the evidence adduced at trial established that the items found within Appellant's residence, detached shed, and the trunk of a vehicle located on his property[3] included paraphernalia necessary to manufacture methamphetamine. Troopers also recovered several baggies which were indicative of packaging used for the sale of drugs. The recovered items used to manufacture methamphetamine included evidence of pseudoephedrine, starter fluid, Coleman cans and Prestone starting fluid cans, Liquid Fire liquid drain opener, salt containers, ammonium, ammonium nitrate, lithium batteries, numerous plastic bottles consistent with one-pot [methamphetamine] manufacturing, electric grinders, vinyl tubing, coffee filters and pots, funnels, and a hot plate. Pennsylvania State Police Trooper Donald Claypoole, a member of the Clandestine Lab Response Team, testified that the recovered items were indicative of precursors necessary to manufactur[e] methamphetamine. Furthermore, Brett Bailor, an expert witness in the field of forensic science and chemistry, testified at length on how the seized items, included those he tested, were used in the manufacturing process for methamphetarnine; furthermore, he opined to a reasonable degree [of] scientific certainty that the recovered items were indicative of a methamphetamine lab. Moreover, information from the pseudoephedrine tracking database showed Appellant's history of 32 purchases of pseudoephedrine, totaling approximately 1,258 pills, between February 9, 2015 and January 21, 2016.

_____
[3] During surveillance, the vehicle never left the property.

The evidence at trial further established Appellant resided at the property, and that prior to the search, he had sold methamphetamine to Kenneth Ryan [for $100]. Ryan also informed police that he previously provided Appellant cold pills in exchange for methamphetamine. Finally, the Commonwealth established the dangerous nature of manufacturing methamphetamine in a trailer park, essentially placing other inhabitants and property at risk of injury. Trooper Shawn Massey testified that during surveillance, he was overcome by the chemical smell emanating from Appellant's property wherein he suffered from nausea and lightheadedness. Other troopers

testified that when they opened the vehicle's trunk, a cloud of fumes came blasting up into their faces.

Based on the above, the evidence, as well as all reasonable inferences drawn therefrom, viewed in the light most favorable to the Commonwealth as the verdict winner, was sufficient to sustain the jury's verdict at the challenged counts.

Trial Court Opinion, 12/2/2016, at 3-6 (some citations omitted).

In addition to the aforementioned testimony, the Commonwealth presented at trial a cable bill addressed to Appellant at the address searched.[1] N.T., 7/19/2016, at 40. A set of keys fitting the trunk of the vehicle was recovered during the search of the residence. *Id.* at 47-48. Trooper Massey testified that, on the evening that he observed a "very distinct chemical smell" emanating from the property, he also watched as Appellant entered the shed and closed the door behind him. N.T., 7/20/2016, at 40. *Id.* Thus, the totality of the evidence presented by the Commonwealth was sufficient to establish that Appellant (1) constructively possessed the components necessary to operate a methamphetamine laboratory on his property, (2) intended to create in that laboratory methamphetamine with the intent to deliver, (3) had actually delivered methamphetamine to another person on the property at the time of the search, and (4) recklessly created a risk of catastrophe to surrounding

---

[1] At trial, Appellant stipulated that during his arrest he gave the address where the search warrant was executed, 11780 Middle Road, Lot 4, East Springfield Twp., Erie County, as his address. N.T., 7/20/2016, at 11-12.

residents by creating and storing the product and its individual components on his property, which was located in a mobile home park.

It is well-established that "the evidence at trial need not preclude every possibility of innocence, and the fact-finder is free to resolve any doubts regarding a defendant's guilt unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances." *Commonwealth v. Hughes*, 908 A.2d 924, 928 (Pa. Super. 2006). Here, the evidence was more than sufficient to support the jury's verdict. Accordingly, Appellant's claim fails.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/10/2017