J-S39033-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
           Appellee :
:
           v. :
:
JAMES ALLEN KINDLER, :
:
           Appellant : No. 1819 WDA 2016

Appeal from the Judgment of Sentence July 18, 2016
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0015585-2015

BEFORE:   BENDER, P.J.E., BOWES, and STRASSBURGER[*], JJ.

MEMORANDUM BY STRASSBURGER, J.:       **FILED AUGUST 21, 2017**

James Allen Kindler (Appellant) appeals from the judgment of sentence imposed following his conviction for the crimes of risking a catastrophe and dangerous burning. We affirm.

On November 5, 2015, Appellant was arrested and charged with arson endangering property, failure to control dangerous fires, risking a catastrophe, and dangerous burning. These charges were related to a fire set on the property of Forms & Surfaces, an outdoor table and chair manufacturing business located in Fox Chapel, Allegheny County, earlier that day. Following a non-jury trial, Appellant was acquitted of arson and failure to control dangerous fires, but was found guilty of the other two offenses. On July 18, 2016, Appellant was sentenced to a term of five years' probation

_____

[*] Retired Senior Judge assigned to the Superior Court.

for the offense of risking catastrophe. No further penalty was imposed at the remaining summary count. This timely-filed appeal followed. Both Appellant and the trial court have complied with the mandates of Pa.R.A.P. 1925.

On appeal, Appellant raises a single issue for this Court's review: whether the evidence presented was insufficient to prove the elements of risking catastrophe. Appellant's Brief at 3.

It is well-settled that

our standard of review of sufficiency claims requires that we evaluate the record in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Nevertheless, the Commonwealth need not establish guilt to a mathematical certainty. Any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.

… Significantly, we may not substitute our judgment for that of the fact finder; thus, so long as the evidence adduced, accepted in the light most favorable to the Commonwealth, demonstrates the respective elements of a defendant's crimes beyond a reasonable doubt, the appellant's convictions will be upheld.

*Commonwealth v. Tukhi*, 149 A.3d 881, 886–87 (Pa. Super. 2016) (internal citations omitted). Credibility of witnesses and the weight of the evidence produced is within the province of the trier of fact, who is free to believe all, part, or none of the evidence. *Commonwealth v. Scott*, 146 A.3d 775, 777 (Pa. Super. 2016).

The Crimes Code provides that "[a] person is guilty of a felony of the third degree if he recklessly creates a risk of catastrophe in the employment of fire, explosives or other dangerous means listed in subsection (a)[1] of this section." 18 Pa.C.S. § 3302(b). Additionally,

> [our Supreme] Court has distinguished the two sections of [section 3302]:
>
>> Section 3302 attempts to meet two separate and distinct societal harms. In paragraph (a) it purports to punish **for the damage caused** by the mishandling of certain enumerated highly dangerous forces or substances. Paragraph (b) addresses the **exposure to harm** created by the misuse of these forces or substances.
>
> Additionally, [t]he fact that swift and effective governmental intervention limited the deleterious effect of [the defendants'] reckless conduct does not decriminalize their actions. The fact that an actual devastating catastrophe was averted is of no moment in assessing [the defendants'] conduct in terms of Section 3302(b).

_____

[1] Subsection (a) provides:

> (a) Causing catastrophe.- - . A person who causes a catastrophe by explosion, fire, flood, avalanche, collapse of building, release of poison gas, radioactive material or other harmful or destructive force or substance, or by any other means of causing potentially widespread injury or damage, including selling, dealing in or otherwise providing licenses or permits to transport hazardous materials in violation of 75 Pa.C.S. Ch. 83 (relating to hazardous transportation), materials commits a felony of the first degree if he does so intentionally or knowingly, or a felony of the second degree if he does so recklessly.

18 Pa.C.S. § 3302(a).

***Commonwealth v. Salamone***, 897 A.2d 1209, 1213 (Pa. Super. 2006) (emphasis in original; citations and quotation marks omitted).

Appellant argues that the Commonwealth's proffered evidence failed to show: (1) that a "substantial danger of catastrophic damage or injury was in fact created" by Appellant's conduct, and (2) that Appellant realized, but disregarded, the risk "that there was a substantial probability that his actions could result in catastrophic damage or injury." Appellant's Brief at 3.

The trial court rejected Appellant's claim noting that

> [o]ur suggested jury instructions define 'risk of catastrophe' as a situation capable of causing widespread injury or damage, regardless of whether such injury or damage actually occurs.' Pa.SSJI (Crim) 15.3302(B). Without question, the widespread damage or injury contemplated by the statute was not present. However, the collective circumstances showed the situation was one which was capable of widespread damage.

Trial Court Opinion, 10/31/2016, at 2.

At trial, Forms & Surfaces employee, John Nelson, testified that he observed white smoke when he was driving a fork lift toward the pallet storage area, known as "the boneyard." N.T., 7/18/2016, at 8. As he approached, Nelson realized that there was a white sedan blocking his access to the boneyard. He was unable to maneuver his lift around the vehicle. ***Id.*** at 9. It was at that point that Nelson observed the fire, which was burning at the base of a stack of approximately six pallets. The stack was positioned at the front of the boneyard. ***Id.*** at 11-13; Commonwealth Exhibits 3B and 3C. The trial court took notice that sheets of paper had

been used to ignite the fire and both the paper and the lower pallets in the stack were singed. *Id.* at 11-12. Nelson testified that Appellant was standing near the sedan.[2] When he asked Appellant for help in putting the fire out, Appellant ignored him and left the scene in his vehicle. *Id.* at 10. Nelson alerted other employees to the fire and was able to extinguish it before emergency services arrived and before it caused any damage to the other pallets. Nelson testified that "there [were] a lot more pallets" in the boneyard. *Id.* at 15. Indeed, Commonwealth Exhibits 3B and 3C show a second stack of pallets behind the stack Appellant lit on fire. Further, Nelson indicated that the main building of Forms & Surfaces was approximately 20 feet away from the location of the fire. N.T., 7/18/2016, at 12-13; Commonwealth Exhibit 1.

Following his arrest, Appellant waived his *Miranda*[3] rights and admitted to officers orally, and in writing, that he had set the fire because he was "homeless," "cold," and "sick and tired of everyone's nonsense." N.T., 7/18/2016, at 20-22. The responding officer testified that the weather conditions on the date of the incident were cold and dry and that "there was a little bit of wind." *Id.* at 22.

---

[2] It is unclear what, if any, connection Appellant had to Forms & Surfaces and whether he was permitted to be on the property. However, we note that he was not charged with trespass.

[3] *Miranda v. Arizona*, 384 U.S. 436 (1966).

Appellant did not testify on his own behalf at trial; however, he called three character witnesses to testify as to his reputation for being peaceful, honest, and law-abiding. N.T., 7/18/2016, at 27-43.

Based on the testimony and photographs presented at trial, we find no error in the trial court's determination that the evidence presented was sufficient to find that Appellant acted recklessly in creating a dangerous situation with the potential for widespread damage. Contrary to Appellant's argument that the fire only affected one pallet that was "placed on the ground by itself," Appellant's Brief at 31, the evidence demonstrated that Appellant set fire to a stack of pallets, using paper as kindling. The fire was set in a location called "the boneyard" which was full of pallets, and located a short distance from a building where workers were manufacturing furniture. Appellant positioned his car to block vehicle access to the boneyard, and when asked to help extinguish the fire, he ignored the request, got into his car, and fled the scene. All of this occurred on a day where the weather conditions could have contributed to escalation of the fire. The trial court, sitting as factfinder, was well within its discretion to find that Appellant acted recklessly, that his actions created a substantial risk of catastrophe, and that he consciously disregarded that risk. **Scott,** 146 A.3d at 777.

It is well-established that "the evidence at trial need not preclude every possibility of innocence, and the fact-finder is free to resolve any

doubts regarding a defendant's guilt unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances." ***Commonwealth v. Hughes***, 908 A.2d 924, 928 (Pa. Super. 2006). Here, the evidence was sufficient to support the trial court's verdict. Accordingly, Appellant's claim fails.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/21/2017