J-S32038-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ROBERT WILLIAM RUGGLES | : | |
| | : | |
| Appellant | : | No. 1920 MDA 2017 |

Appeal from the Judgment of Sentence August 4, 2017
in the Court of Common Pleas of Schuylkill County
Criminal Division at No.:  CP-54-CR-0002221-2015

BEFORE:   PANELLA, J., NICHOLS, J., and PLATT*, J.

MEMORANDUM BY PLATT, J.:                    **FILED JUNE 27, 2018**

Appellant, Robert William Ruggles, appeals from the judgment of sentence imposed after his jury conviction of burglary, criminal conspiracy, robbery, theft by unlawful taking, and harassment.[1]  We affirm.

We take the following facts and procedural history from the trial court's November 20, 2017 opinion and our independent review of the record.  The above charges resulted from the attempted robbery of Robert John Miller, in his home, by Appellant, Bobbi Jo Rohrbach, and Braxton Moore.

_____

[1] 18 Pa.C.S.A. §§ 3502(a)(1), 903, 3701(a)(1)(v), 3921(a), and 2709(a)(1), respectively.

_____

\*   Retired Senior Judge assigned to the Superior Court.

The one-day trial occurred on June 9, 2017.  Co-defendant Rohrbach testified against Appellant as part of a plea agreement.  (*See* N.T. Trial, 6/09/17, at 58, 65).  She testified that, in the late evening of September 6, 2015, she met Appellant and Moore for the first time when she was at the apartment of a friend.[2]  (*See id.* at 60-61).  They were at the apartment for approximately twenty minutes.  (*See id.* at 90).  The three of them devised a plan to rob Miller, an individual they thought to be a drug dealer, in his apartment, with the intent of taking his drugs and money.  (*See* at 63, 66-67).  Thereafter, the three went to the apartment of another friend, Cheryl Savaro, who lived in the same building as Miller.  While there, Appellant, Rohrbach, and Moore agreed that Rohrbach would knock on Miller's door, and that Appellant and Moore would then rush in and steal drugs and money from him.  (*See id.* at 66-67).  They were at Savaro's apartment for approximately ten minutes.  (*See id.* at 90).

Pursuant to the plan, the three individuals went to Miller's apartment, knocked on his door, dragged him by his hair, and demanded drugs and money.  (*See id.* at 33-36, 68-69, 71-73).  However, Miller was unable to provide them with anything, because he, in fact, was not a drug dealer.  (*See id.* at 37).  Rohrbach stated that they then fled, taking Miller's cell phone.  (*See id.* at 73).

---

[2] Rohrbach refers to Appellant by his nickname, "Mofo."  (*See* N.T. Trial, at 61-62).

At the conclusion of trial, the jury convicted Appellant of the above referenced crimes. The court ordered a presentence investigative report (PSI). On August 4, 2017, it sentenced Appellant to an aggregate term of not less than eight nor more than sixteen years' incarceration. The same day, Appellant filed a post-sentence motion, which the court denied on November 20, 2017. Appellant timely appealed.[3]

Appellant raises three questions for this Court's review:

I. [Whether] the trial court erred in admitting (and failing to suppress) the testimony of co-defendant Bobby Jo Rohrbach . . . when the Commonwealth denied [Appellant's] request for a **Wade**[4] hearing concerning . . . a photocopy of the image used by co-defendant Bobby Jo Rohrbach which had been substantially altered from the state in which it was used for an identification[?]

[II.] [Whether] the trial court erred by failing to give the missing witness instruction as to Officer Mohl[?]

[III.] [Whether] the evidence presented was insufficient to sustain the verdict; [whether] the jury verdict was against the weight of the evidence[?]

---

[3] On January 10, 2018, Appellant filed a timely statement of errors complained of on appeal pursuant to the trial court's order. **See** Pa.R.A.P. 1925(b). The court filed an opinion on January 11, 2018, in which it relied on the reasons stated in its November 20, 2017 opinion denying Appellant's post-sentence motion. **See** Pa.R.A.P. 1925(a).

[4] **Commonwealth v. Wade**, 33 A.3d 108 (Pa. Super. 2011), *appeal denied*, 51 A.3d 839 (Pa. 2012).

(Appellant's Brief, at 1-2) (unnecessary capitalization omitted; citation formatting provided).[5]

In Appellant's first issue, he maintains that the trial court erred in admitting the testimony of Rohrbach on the basis of an "impermissibly suggestive" identification procedure. (*Id.* at 5; *see id.* at 4-15). Appellant's issue does not merit relief.

It is well-settled that "[t]he admission of evidence is a matter vested within the sound discretion of the trial court, and such a decision shall be reversed only upon a showing that the trial court abused its discretion." ***Commonwealth v. Rashid***, 160 A.3d 838, 842 (Pa. Super. 2017), *appeal denied*, 170 A.3d 976 (Pa. 2017) (citation omitted).

> Generally, in reviewing the propriety of identification evidence, the central inquiry is whether, under the totality of the circumstances, the identification was reliable. The question for the suppression court is whether the challenged identification has sufficient indicia of reliability to warrant admission, even though the confrontation procedure may have been suggestive.
>
> Suggestiveness in the identification process is a factor to be considered in determining the admissibility of such evidence, but suggestiveness

---

[5] Page numbering provided by this Court. We note that Appellant's brief violates multiple Pennsylvania Rules of Appellate Procedure. For example, it does not contain page numbers, *see* Pa.R.A.P. 2173; a table of contents and citations, *see* Pa.R.A.P. 2174; or a statement of jurisdiction, statement of the scope and standard of review, statement of the case, summary of the argument, or copy of Appellant's Rule 1925(b) statement, *see* Pa.R.A.P. 2111(a)(1), (3), (5), (6), (11); *see also* Pa.R.A.P. 2101 ("[I]f the defects are in the brief . . . of the appellant and are substantial, the appeal or other matter may be quashed or dismissed."). However, because these errors do not preclude our meaningful review, we will not find waiver on this basis.

alone does not warrant exclusion. A pretrial identification will not be suppressed as violative of due process rights unless the facts demonstrate that the identification procedure was so infected by suggestiveness as to give rise to a substantial likelihood of irreparable misidentification.

In determining whether a particular identification was reliable, the suppression court should consider the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of [her] prior description of the criminal, the level of certainty demonstrated at the confrontation, and the time between the crime and the confrontation. The opportunity of the witness to view the actor at the time of the crime is the key factor in the totality of the circumstances analysis.

*Commonwealth v. Bruce*, 717 A.2d 1033, 1036-37 (Pa. Super. 1998), *appeal denied*, 794 A.2d 359 (Pa. 1999) (citations and quotation marks omitted).[6]

Here, the court admitted Rohrbach's testimony, finding that the identification procedure was not so suggestive as to raise a substantial likelihood of misidentification. *See id.* The totality of the circumstances supports the court's decision.

On September 8, 2016, Police Officer Mohl[7] showed Rohrbach Appellant's photograph, and asked her if she could identify him. (*See* N.T.

_____

[6] In the argument section of his brief, Appellant cites to *Wade* one time, and then mentions "*Wade* factors" twice, without actually identifying what they are. (Appellant's Brief, at 9, 12; *see id.* at 8). Upon review, they are nearly identical to the factors identified in *Bruce*, *supra*. *See Wade*, *supra* at 114.

[7] Officer Mohl's first name is not mentioned in the certified record.

Trial, at 105). She immediately identified the man in the picture as Appellant, her co-conspirator in the criminal events. In finding that the identification procedure was not overly suggestive, the court observed that Rohrbach was not only a witness to the crime, but also Appellant's co-defendant. She spent half an hour with Appellant prior to the attempted robbery, talking with him to plan how they would commit the crime.

Based on the foregoing, we conclude that the trial court did not abuse its discretion in allowing the admission of Rohrbach's testimony. *See Rashid*, *supra* at 842. Appellant's first issue lacks merit.

In the second issue in the argument section of his brief, Appellant maintains that the trial court erred in admitting the testimony of Rohrbach about the photograph[8] she identified because the Commonwealth committed a *Brady*[9] violation. (*See* Appellant's Brief, at 15-26). Specifically, he argues that, because he was not aware that the photograph identified by Rohrbach contained investigative notes before the jury was selected, he was not able to question them during *voir dire* about what effect such evidence would have on them. (*See id.* at 25-26). This issue is waived.

---

[8] Appellant, not the Commonwealth, introduced the photograph at trial. (*See* N.T. Trial, at 87). Moreover, defense counsel was the only attorney who questioned Rohrbach about it. (*See id.* at 87-88, 105).

[9] *Brady v. Maryland*, 373 U.S. 83 (1963).

First, we observe that Appellant failed to include a **Brady** issue in his statement of questions involved. (**See id.** at 1-2); **see also** Pa.R.A.P. 2116(a) ("No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby."). Additionally, Appellant failed to include a **Brady** claim in his concise statement of errors raised on appeal. (**See** [Appellant's] Statement of the [Errors] Complained on Appeal, 1/10/18, at unnumbered pages 1-2); **see also Commonwealth v. Johnson**, 107 A.3d 52, 69 n.7 (Pa. 2014), *cert. denied*, 136 S. Ct. 43 (2015) (finding issue waived for failing to raise it in Rule 1925(b) statement). Therefore, for these reasons, Appellant's issue is waived.[10]

In his next issue, Appellant argues that "the trial court erred by failing to give the missing witness instruction as to Officer Mohl." (Appellant's Brief,

---

[10] Moreover, we briefly note that the issue would not merit relief. "The crux of the **Brady** rule is that due process is offended when the prosecution withholds material evidence favorable to the accused. . . . To establish . . . **Brady** violations, [a defendant has] to prove that the Commonwealth willfully or inadvertently suppressed impeachment evidence and that prejudice ensued." **Commonwealth v. Wholaver**, 177 A.3d 136, 158 (Pa. 2018) (citations omitted). Here, the Commonwealth **produced** the photograph prior to trial, so it did not commit a **Brady** violation. Moreover, Appellant was not prejudiced by his inability to question the jury about what effect investigative notes on a picture would have on them because such questioning is not permitted. **See Commonwealth v. Delligatti**, 538 A.2d 34, 41 (Pa. Super. 1988), 552 A.2d 250 (Pa. 1988) ("[P]ermissible questions for *voir dire* purposes . . . should be strictly confined to disclosing the prospective jurors' ability to render a fair and impartial verdict and whether the jurors have formed a fixed opinion as to the accused's guilt or innocence."). Therefore, this issue would lack merit, even if not waived.

at 26 (unnecessary capitalization omitted); *see id.* at 26-27). This issue does not merit relief.

"[O]ur standard of review when considering the denial of jury instructions is one of deference—an appellate court will reverse a court's decision only when it abused its discretion or committed an error of law." *Commonwealth v. Yale*, 150 A.3d 979, 983 (Pa. Super. 2016) (citation omitted). In addition:

> The trial court is not required to give every charge that is requested by the parties and its refusal to give a requested charge does not require reversal unless the Appellant was prejudiced by that refusal.
>
> A missing witness instruction may be given in limited circumstances. When a potential witness is available to only one of the parties to a trial, [] it appears this witness has special information material to the issue, and this person's testimony would not merely be cumulative, then if such party does not produce the testimony of this witness, the jury may draw an inference that it would have been unfavorable.

*Commonwealth v. Miller*, 172 A.3d 632, 645 (Pa. Super. 2017), *appeal denied*, 2018 WL 1611472 (Pa. filed Apr. 3, 2018) (citations and quotation marks omitted).

Here, the Commonwealth did not present Officer Mohl, the officer who questioned Rohrbach about the photo, at trial. Appellant argues that this rendered defense counsel unable to ask him about the photograph's condition at the time he showed it to her. However, other than stating that Officer Mohl was unavailable to the defense because he is a police officer, Appellant fails to support the claim by providing evidence that his attempts to subpoena the

officer for trial, in fact, proved unsuccessful. *See Commonwealth v. Echevarria*, 575 A.2d 620, 625 (Pa. Super. 1990) ("When defendant fails to subpoena a witness who is known and available to him, even if that witness has special information material to the issue which would not be cumulative, he is not entitled to the 'missing witness' charge.") (citation omitted).

Additionally, defense counsel cross-examined Rohrbach on her identification of Appellant in the photograph, and she responded that she did not notice any notes, only the picture. (*See* N.T. Trial, at 87, 105). Therefore, Officer Mohl's testimony about whether there were or were not notations on the photograph when he showed it to Rohrbach was immaterial. Hence, the trial court did not abuse its discretion when it determined that Appellant was not entitled to a missing witness instruction. *See Commonwealth v. Pursell*, 724 A.2d 293, 308 (Pa. 1999), *cert. denied*, 528 U.S. 975 (1999) (missing witness instruction not required "where the testimony of a witness is comparatively unimportant") (citation omitted); *see also Miller*, *supra* at 645; *Yale*, *supra* at 983.

In his next issue, Appellant argues that "the evidence presented was insufficient to sustain the verdict; the jury verdict was against the weight of the evidence." (Appellant's Brief, at 27; *see id.* at 27-28). This issue lacks merit.

Before reaching its merits, we observe that Appellant's claim is waived for his failure to provide any legal citation or discussion thereof in his one-

page argument. (**See id.** at 27-28); **see also** Pa.R.A.P. 2119(a)-(b); **Commonwealth v. Johnson**, 985 A.2d 915, 924 (Pa. 2009), *cert. denied*, 562 U.S. 906 (2010) ("[W]here an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived.") (citation omitted).

In addition, we note that, although Appellant frames his issue as a challenge to both the sufficiency and weight of the evidence, in fact, it only raises weight claims. He correctly states that his issue alleging inconsistencies in Miller's testimony challenges the weight of the evidence. (**See** Appellant's Brief, at 28). However, his allegation that Miller and Rohrbach's prior convictions for crimes of dishonesty render them incredible, also goes to the weight of the evidence, not sufficiency, as claimed by Appellant.[11] (**See id.**); **see also Commonwealth v. Palo**, 24 A.3d 1050, 1055 (Pa. Super. 2011), *appeal denied*, 34 A.3d 828 (Pa. 2011) ("Directed entirely to the credibility of

---

[11] Specifically, Appellant argues that the witnesses' testimony "should have been impeached and determined to be incredible" because they "have extensive criminal histories which include multiple crimes of dishonesty." (Appellant's Brief, at 28). We interpret this to be an inartful allegation that the jury should have found the witnesses incredible due to their previous convictions for crimes of dishonesty, not that trial counsel should have impeached the witnesses. The same attorney served as Appellant's trial and appellate counsel, and he did impeach the witnesses about their criminal history. (**See** N.T. Trial, at 53-54, 115-16).

the Commonwealth's chief witness, [a]ppellant's claim challenges the weight, not the sufficiency, of the evidence.").

> Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

*Commonwealth v. Colon-Plaza*, 136 A.3d 521, 529 (Pa. Super. 2016) (citation and emphasis omitted).

Here, the trial court found that Appellant's issue lacks merit because the jury was entitled to assess the credibility of the witnesses and determine the weight to give to their testimony. (*See* Trial Court Opinion, 11/20/17, at 7). We agree. The claims Appellant raises, that the victim did not see his face and gave conflicting testimony, and that he and Rohrbach had prior convictions for crimes involving dishonesty, were for the jury to consider in rendering its verdict. *See Commonwealth v. Scott*, 146 A.3d 775, 777 (Pa. Super. 2016), *appeal denied*, 166 A.3d 1232 (Pa. 2017) ("[T]he trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.") (citation omitted). The trial court did not abuse its discretion in finding that the verdict

was not against the weight of the evidence.  **_See Colon-Plaza_**, **_supra_** at 529.

Therefore, Appellant's issue would lack merit, even if not waived.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/27/2018