J. S17034/19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| KYLE AKEEM SANTIAGO, | : | No. 3294 EDA 2017 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence, December 5, 2016,
in the Court of Common Pleas of Lehigh County
Criminal Division at No. CP-39-CR-0004283-2015

BEFORE:  BENDER, P.J.E., OLSON, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED JULY 15, 2019**

Kyle Akeem Santiago appeals from the December 5, 2016 judgment of sentence entered by the Court of Common Pleas of Lehigh County.  After careful review, we affirm.

On October 5, 2016, a jury convicted appellant of the following offenses: possession of a firearm prohibited, firearms not to be carried without a license, recklessly endangering another person, driving under the influence (general impairment), and fleeing or attempting to elude a police officer.[1]  The trial court convicted appellant of the following summary offenses:  driving without

---

[1]  18 Pa.C.S.A. §§ 6105(a)(1), 6106(a)(1), 2705, and 75 Pa.C.S.A. §§ 3802(a)(1) and 3733(a), respectively.

a license and driving the wrong way.[2]  On December 5, 2016, the trial court sentenced appellant to an aggregate term of 6-13 years' imprisonment.

Appellant did not file any post-sentence motions, nor did he file a notice of appeal.  On March 3, 2017, appellant filed a petition pursuant to the Post Conviction Relief Act[3] ("PCRA"), seeking to restore his rights to a direct appeal **nunc pro tunc**.  The PCRA court granted appellant's petition and restored his direct appellate rights **nunc pro tunc** on September 28, 2017.  Appellant filed a notice of appeal from the December 5, 2016 judgment of sentence on October 11, 2017.

The trial court ordered appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) on October 17, 2017. In the meantime, appellant filed a motion requesting transcripts, which the trial court granted on October 25, 2017.  Appellant filed a motion seeking an extension of time to file his Rule 1925(b) statement on November 6, 2017, as his family needed more time to arrange for payment for the transcripts, which the trial court granted.  The trial court granted an additional extension which was filed on November 28, 2017, ordering appellant to submit a Rule 1925(b) statement by December 4, 2017.  Appellant timely complied.

On December 6, 2017, the trial court filed an opinion pursuant to Pa.R.A.P. 1925(a).  Therein, the court noted that while appellant paid the

---

[2] 75 Pa.C.S.A. §§ 1501(a) and 3308(b), respectively.

[3] **See** 42 Pa.C.S.A. §§ 9541-9546.

required deposit for the trial transcripts, the transcripts were not available to the trial court. (Trial court opinion, 12/6/17 at 2-3.) The trial court noted that this court could dismiss appellant's appeal for failure to secure a copy of the transcripts pursuant to Pa.R.A.P. 1911(d). (Trial court opinion, 12/6/17 at 3.) In the alternative, the trial court requested that this court remand so that transcripts could be obtained, appellant could file a supplemental Rule 1925(b) statement, and that the trial court could file a supplemental Rule 1925(a) opinion.

On January 30, 2018, appellant filed with this court a motion for extension of time to file a brief and a request to remand to submit a supplemental Rule 1925(b) statement. On February 20, 2018, this court entered a ***per curiam*** order vacating the briefing schedule and remanding to the trial court so that appellant could file a supplemental Rule 1925(b) statement and so that the trial court could subsequently file a supplemental Rule 1925(a) opinion. Appellant failed to file a supplemental Rule 1925(b) statement. On April 16, 2018, the trial court filed a supplemental Rule 1925(a) opinion, in which it addressed the three issues raised by appellant in his original Rule 1925(b) statement.

Appellant raises the following issues for our review:

> A. Whether the verdict is against the weight of the evidence and that [appellant] should be granted a new trial[?]
>
> B. [] Appellant alleges my [sic] instructions to the jury were in error.

- 3 -

C.    [] Appellant alleges his motion for mistrial was improperly denied.  [] Appellant's basis for the motion was based on a comment made by the District Attorney during his closing argument when he referred to a video and stated, "that is the gun flying out of the window.["]

Appellant's brief at 5.

In his first issue on appeal, appellant "argues that the verdict was against the weight of the evidence [] where there was a single eyewitness who lacked credibility who claimed that [appellant] was seen handling a firearm."  (Appellant's brief at 9.)

[A] weight of the evidence claim must be preserved either in a post-sentence motion, by a written motion before sentencing, or orally prior to sentencing. Pa.R.Crim.P. 607; *Commonwealth v. Priest*, 18 A.3d 1235, 1239 (Pa.Super. 2011).  Failure to properly preserve the claim will result in waiver, even if the trial court addresses the issue in its opinion.

*Commonwealth v. Griffin*, 65 A.3d 932, 938 (Pa.Super. 2013), *appeal denied*, 76 A.3d 538 (Pa. 2013), quoting *Commonwealth v. Sherwood*, 982 A.2d 483, 494 (Pa. 2009), *cert. denied sub nom. Sherwood v. Pennsylvania*, 559 U.S. 1111 (2010).

Based on our review of the record, appellant failed to preserve his weight of the evidence claim before the trial court in a post-sentence motion,

a written motion prior to sentencing, or in an oral motion prior to sentencing. Accordingly, appellant's weight of the evidence claim is waived on appeal.[4]

In his second issue, appellant raises a challenge to the propriety of the trial court's jury instructions. Specifically, appellant avers that the trial court erred when it instructed the jury on constructive possession and by so doing, "improperly introduced facts that were not introduced at trial." (Appellant's brief at 14.) The Commonwealth contends that appellant failed to object to the trial court's instruction at trial, thereby waiving the issue on appeal. (Commonwealth's brief at 11.)

It is well settled in this Commonwealth that a party must object to the trial court's jury instruction at trial in order to preserve the issue for appellate review. *Commonwealth v. Parker*, 104 A.3d 17, 29 (Pa.Super. 2014), *appeal denied*, 117 A.3d 296 (Pa. 2015), citing *Commonwealth v. Spotz*, 84 A.3d 294, 318 n.18 (Pa. 2014); Pa.R.A.P. 302(b); Pa.R.Crim.P. 647(B).

---

[4] We note that in appellant's brief, despite identifying and framing his first issue as a *weight* of the evidence claim, appellant sets forth the rules of law for the *sufficiency* of the evidence, while arguing that the Commonwealth failed to present credible evidence, which attacks the weight of the evidence. (*See* appellant's brief at 9-12.) In appeals attacking the sufficiency of the evidence, an appellant's Rule 1925(b) statement must "state with specificity the element or elements upon which the appellant alleges that the evidence was insufficient." *Commonwealth v. Garland*, 63 A.3d 339, 344 (Pa.Super. 2013), *appeal denied*, 169 A.3d 565 (Pa. 2017), quoting *Commonwealth v. Gibbs*, 981 A.2d 274, 281 (Pa.Super. 2009), *appeal denied*, 3 A.3d 670 (Pa. 2010). Here, appellant did not specify any elements, or even any charges, upon which he alleges that the evidence was insufficient in his Rule 1925(b) statement. Accordingly, any sufficiency of the evidence claim is waived on appeal.

Our supreme court has further explained that a party must raise a "specific objection to the charge or an exception to the trial court's ruling on a proposed point to preserve an issue involving a jury instruction." ***Id.***, quoting ***Commonwealth v. Pressley***, 887 A.2d 220, 224 (Pa. 2005) (citations omitted).

The record reflects that appellant did not raise any objection to the trial court's supplemental instruction to the jury. (***See*** notes of testimony, 10/5/16 at 98-104.) Accordingly, appellant's second issue is waived on appeal.

In his third and final issue on appeal, appellant argues that the trial court erred when it denied his motion for a mistrial following comments made by the Commonwealth during its closing argument. Specifically, appellant avers that the Commonwealth argued issues of fact that should have been left to the jury to decide. (Appellant's brief at 15.)

When reviewing a trial court's denial of a motion for a mistrial, particularly in the context of a prosecutor's comments during closing argument, we are held to the following standard of review:

> Our standard of review for the denial of a motion for a mistrial is limited to assessing whether the trial court abused its discretion. ***Commonwealth v. Cash***, [] 137 A.3d 1262, [1273] (Pa. [] 2016). More specifically, this Court has provided the following standards for reviewing a claim of prosecutorial misconduct in a closing statement:
>
> > it is well settled that any challenged prosecutorial comment must not be viewed in isolation, but rather must be considered in the context in which it was

offered. ***Commonwealth v. Correa***, []
664 A.2d 607 ([Pa.Super.] 1995). Our
review of a prosecutor's comment and an
allegation of prosecutorial misconduct
requires us to evaluate whether a
defendant received a fair trial, not a
perfect trial. ***Commonwealth v. Rios***, []
721 A.2d 1049 ([Pa.] 1998). Thus, it is
well settled that statements made by the
prosecutor to the jury during closing
argument will not form the basis for
granting a new trial "unless the
unavoidable effect of such comments
would be to prejudice the jury, forming in
their minds fixed bias and hostility toward
the defendant so they could not weigh the
evidence objectively and render a true
verdict." ***Commonwealth v. Fletcher***,
[] 861 A.2d 898, 916 ([Pa.] 2004)
(quotation and quotation marks omitted).
The appellate courts have recognized that
not every unwise remark by an attorney
amounts to misconduct or warrants the
grant of a new trial. ***Commonwealth v.
Faulkner***, [] 595 A.2d 28 ([Pa.] 1991).
Additionally, like the defense, the
prosecution is accorded reasonable
latitude, may employ oratorical flair in
arguing its version of the case to the jury,
and may advance arguments supported
by the evidence or use inferences that can
reasonably be derived therefrom.
***Commonwealth v. Carson***, [] 913 A.2d
220 ([Pa.] 2006); ***Commonwealth v.
Holley***, 945 A.2d 241 (Pa.Super. 2008).
Moreover, the prosecutor is permitted to
fairly respond to points made in the
defense's closing, and therefore, a proper
examination of a prosecutor's comments
in closing requires review of the
arguments advanced by the defense in
summation. ***Commonwealth v. Chmiel***,
[] 889 A.2d 501 ([Pa.] 2005).

> *Commonwealth v. Jaynes*, 135 A.3d 606, 615 (Pa.Super. 2016).

*Commonwealth v. Scott*, 146 A.3d 775, 778-779 (Pa.Super. 2016), *appeal denied*, 166 A.3d 1232 (Pa. 2017).

Here,

> [appellant] alleges his motion for [a] mistrial was improperly denied. [Appellant's] basis for the motion was based on a comment made by [the Commonwealth] during [its] closing argument when [it] referred to a video and stated, "that is the gun flying out of the window."
>
> . . . .
>
> A review of the record shows that [the Commonwealth's] remark was a legitimate inference from the evidence presented. *Commonwealth v. Hamilton*, 546 A.2d 90, 94 (Pa.Super. 1988). It was clear from the trial as a whole that the Commonwealth's theory was that the gun was thrown from [appellant's] vehicle. Moreover, while at times the defense stated the item was unknown, at other times they appeared to concede it was a gun.

Trial court opinion, 4/16/18 at 2-3 (footnotes and citations to the record omitted).

Accordingly, appellant's third issue is without merit.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>7/15/19</u>